# Supreme Court of Florida

_____

No. SC2024-1093

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE - 2024 LEGISLATION.**

September 12, 2024

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee has filed a fast-track report proposing amendments to the Florida Rules of Juvenile Procedure in response to recent statutory changes.[1]  *See* chs. 2024-70, 2024-177, Laws of Fla.  Specifically, the Committee proposes amendments to rules 8.210 (Parties and Participants), 8.215 (Guardian Ad Litem), 8.217 (Attorney Ad Litem/Attorney for the Child), 8.240 (Computation, Continuance, Extension, and Enlargement of Time), 8.305 (Shelter Petition, Hearing, and Order), 8.345 (Post-Disposition Relief), 8.347 (Motion to Supplement Order of Adjudication, Disposition Order, and Case Plan), 8.350

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

(Placement of Child into Residential Treatment Program), 8.415 (Judicial Review of Dependency Cases), 8.425 (Permanency Hearings), 8.505 (Process and Service), and 8.535 (Postdisposition Hearings). Additionally, the Committee proposes adopting new rule 8.445 (Petition for Adjudication and Permanent Commitment).

The Board of Governors of The Florida Bar unanimously recommends adopting the proposed amendments. The Committee did not publish the proposals for comment before filing them with the Court. Having reviewed the Committee's proposals, we adopt the Committee's proposals with some minor modifications to new rule 8.445. We discuss the more significant amendments below.

Section 5 of chapter 2024-70, Laws of Florida, amended the definition of "party" in section 39.01(61), Florida Statutes (2023), by removing the phrase "or the representative of the guardian ad litem program when the program has been appointed." Thus, we amend rule 8.210 by deleting "or the representative of the guardian ad litem program, when the program has been appointed" from the list of individuals who are considered parties.

Section 6 of chapter 2024-70, Laws of Florida, amended section 39.013(11), Florida Statutes (2023), to now require a court

to appoint a guardian ad litem at the earliest possible time. Accordingly, we amend rule 8.215 to remove language pertaining to requesting a guardian ad litem and to require a court to appoint a guardian ad litem at the earliest possible time.

Also, section 13 of chapter 2024-70, Laws of Florida, revised section 39.402(8)(c)1., Florida Statutes (2023), to delete the language "unless the court finds that such representation is unnecessary," eliminating an exception for a court to appoint a guardian ad litem at the shelter hearing. We, likewise, amend rule 8.305 to delete the language permitting a court to not appoint a guardian ad litem if it "finds representation unnecessary."

Next, we amend rule 8.345 by creating a new subdivision (a), titled "Emergency Motion for Modification of Placement." The new subdivision outlines the procedure for a case manager, an authorized agent of the department, or a law enforcement officer to remove a child from a court-ordered placement and take the child into custody as provided by law. The new subdivision follows the procedure set out in section 39.522(7), Florida Statutes (2024), which was enacted by chapter 2024-177, section 4, Laws of Florida.

Further, consistent with the language added to section 39.701(3), Florida Statutes (2023), by section 24 of chapter 2024-70, Laws of Florida, we amend rule 8.415(b)(3) (Scheduling Hearings; Review Hearings for Children 16 Years of Age) to require the court to provide not just the child but also the guardian ad litem the opportunity to address the court. We also amend rule 8.415(b)(4) (Scheduling Hearings; Review Hearings for Children 17 Years of Age) to require the court to "determine whether the child has entered into a formal agreement with a supportive adult," in response to the language added to section 39.701(3)(e)1., Florida Statutes (2023), by chapter 2024-70, section 24, Laws of Florida.

Chapter 2024-70, section 23, Laws of Florida, amended section 39.6241(2), Florida Statutes (2023), to require a guardian ad litem to advise the court whether the child has entered into a formal agreement with a supportive adult and, if so, to ensure such agreement is documented in the child's court file. Thus, we amend rule 8.425(d) (Permanency Order) by adding:

> For children with another planned permanent living arrangement case plan goal, the guardian ad litem must also advise the court whether the child has been connected with a supportive adult and, if so, whether the child has entered into a formal agreement with the adult

as provided by law. It is the guardian ad litem's responsibility to ensure the agreement is documented in the child's court file.

Additionally, consistent with the procedure set out in section 39.5035, Florida Statutes (2024), enacted by chapter 2024-177, section 3, Laws of Florida, we adopt new rule 8.445 to allow for "an attorney for the department or any other person who has knowledge of the facts alleged or is informed of the alleged facts, and believes them to be true," to "initiate a proceeding by filing a petition for adjudication and permanent commitment" "[i]f both parents of a child are deceased or the last known living parent of a child is deceased and a legal custodian has not been appointed for the child through a probate or guardianship proceeding." However, we make a minor modification to the Committee's proposal by relettering the subdivisions.

Last, we amend rule 8.535 in response to changes to section 39.812, Florida Statutes (2023), by chapter 2024-177, section 8, Laws of Florida. First, we delete the entirety of subdivision (d) (Withholding Consent to Adopt). In its place, we add a new subdivision (d), titled "Review of the Department's Denial of an Application to Adopt a Child," which outlines the procedure for an

applicant to seek review of a denial of an application to adopt a child.

Accordingly, the Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have 75 days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before November 26, 2024, with a certificate of service verifying that a copy has been served on the Committee Chair, Sarah J. Rumph, Children's Legal Services, 325 John Knox Road, Building South, Tallahassee, Florida 32303, sarah.rumph@myflfamilies.com, and on the Bar Staff Liaison to the Committee, Michael Hodges, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until December 17, 2024, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme

- 6 -

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Sarah J. Rumph, Chair, Juvenile Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

**APPENDIX**

## RULE 8.210.   PARTIES AND PARTICIPANTS

**(a)   Parties.** For the purpose of these rules the terms "party" and "parties" ~~shall~~ include the petitioner, the child, the parent(s) of the child, the department, and the guardian ad litem ~~or the representative of the guardian ad litem program, when the program has been appointed~~.

**(b)   Participants.** "Participant" means any person who is not a party but who should receive notice of hearings involving the child. Participants include foster parents or the legal custodian of the child, identified prospective parents, actual custodians of the child, grandparents entitled to notice of an adoption proceeding as provided by law, the state attorney, and any other person whose participation may be in the best interest of the child. The court may add additional participants. Participants may be granted leave by the court to be heard without the necessity of filing a motion to intervene and ~~shall~~ have no other rights of a party except as provided by law.

**(c)   [No Change]**

## RULE 8.215.   GUARDIAN AD LITEM

**(a)   Request.** ~~At any stage of the proceedings, any party may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent.~~

**(b̶a)   Appointment.** The court ~~shall~~<u>must</u> appoint a guardian ad litem to represent the child ~~in any proceeding as required by law and shall ascertain at each stage of the proceeding whether a guardian ad litem should be appointed if one has not yet been appointed~~ <u>at the earliest possible time</u>.

**(c̶b)   Duties and Responsibilities.** The guardian ad litem ~~shall~~<u>must</u> be a responsible adult, who may or may not be an attorney, ~~or a certified guardian ad litem program,~~<u>appointed by the</u>

- 8 -

court to represent a child as authorized by law and ~~shall have~~has the following responsibilities:

(1)     To gather information concerning the allegations of the petition and any subsequent matters arising in the case and, unless excused by the court, to file a written report. This report ~~shall~~must include a summary of the guardian ad litem's findings, a statement of the wishes of the child, and the recommendations of the guardian ad litem and ~~shall~~must be provided to all parties and the court at least 72 hours before the hearing for which the report is prepared.

(2)     [No Change]

(3)     To represent ~~the interests of~~ the child throughout the proceeding, including appeals, until the jurisdiction of the court over the child terminates, or until excused by the court.

(4) To advocate for the child's participation in the proceeding and inform the court of the child's preferences, to the extent the child is able to express them.

(4<u>5</u>)     To perform such other duties as are consistent with the scope of the appointment.

**(d<u>c</u>)   Bond.** A guardian ad litem ~~shall not be~~is not required to post bond but ~~shall~~must file an acceptance of the ~~office~~appointment.

**(e<u>d</u>)   Service.** A guardian ad litem ~~shall be~~is entitled to receive service of pleadings and papers as provided by ~~rule 8.225~~law.

**(f<u>e</u>)   Practice of Law by Lay Guardians.** The duties of lay guardians ~~shall~~must not include the practice of law.

**(g<u>f</u>)   Substitution or Discharge.** The court, on its own motion or that of any party, including the child, may substitute or discharge the guardian ad litem for reasonable cause.

**Committee Notes**

- 9 -

[No Change]

## RULE 8.217.   ATTORNEY AD LITEM/ATTORNEY FOR THE CHILD

**(a)**   [No Change]

**(b)   Appointment.** The court may appoint an attorney ad litem to represent the child in any proceeding as allowed by law. ~~The court must appoint an attorney for the child who is the subject of a motion to modify custody as required by law.~~

**(c)   Duties and Responsibilities.** The attorney ad litem must be an attorney who has completed any additional requirements as provided by law. The attorney ad litem <u>is in an attorney-client relationship with the child, maintains confidentiality, and</u> has ~~the~~<u>other</u> responsibilities <u>as</u> provided by law.

**(d)**   [No Change]

**Committee Note**

[No Change]

## RULE 8.240.   COMPUTATION, CONTINUANCE, EXTENSION, AND ENLARGEMENT OF TIME

**(a)**   [No Change]

**(b)   Enlargement of Time.** When by these rules, by a notice given under them, or by order of <u>a</u> court an act is required or allowed to be done at or within a specified time, the court for good cause shown, within the limits established by law, and subject to the provisions of subdivision (d) of this rule, may, at any time, in its discretion (1) with or without notice, order the period enlarged if a request is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) on motion made and notice after the expiration of the specified period permit the act to be done when the failure to act was the result of excusable neglect. The court may not, except as provided by law or

elsewhere in these rules, extend the time for making a motion for new trial, for rehearing, or vacation of judgment, or for taking an appeal. This rule does not apply to shelter hearings.

**(c)** [No Change]

**(d) Continuances and Extensions of Time.**

(1)-(3) [No Change]

(4) These time limitations do not include the following:

(A) Periods of delay resulting from a continuance granted at the request of the child's counsel, ~~or the child's~~ guardian ad litem, or~~, if the child is of sufficient capacity to express reasonable consent, at the request of or with the consent of the child~~ attorney ad litem.

(B)-(D) [No Change]

(5) [No Change]

**RULE 8.305.   SHELTER PETITION, HEARING, AND ORDER**

**(a)** [No Change]

**(b) Shelter Hearing.**

(1)-(6) [No Change]

(7) The court must appoint:

(A) a guardian ad litem to represent the child ~~unless the court finds representation unnecessary~~;

(B)-(C) [No Change]

(8)-(13) [No Change]

(14) If the child has or is suspected of having a disability and the parent is unavailable ~~pursuant to~~under law, the court must

- 11 -

appoint a surrogate parent or refer the child to the district school superintendent for appointment of a surrogate parent.

(15) If the shelter hearing is conducted by a judge other than a judge assigned to hear dependency cases, a judge assigned to hear dependency cases ~~shall~~must hold a shelter review on the status of the child within 2 working days after the shelter hearing.

**(c)-(d)** [No Change]

**Committee Note**

[No Change]

## RULE 8.345. POST-DISPOSITION RELIEF

### (a) Emergency Motion for Modification of Placement.

(1) A child's case manager, an authorized agent of the department, or a law enforcement officer may, at any time, remove a child from a court-ordered placement and take the child into custody as provided by law.

(2) If, at the time of the removal, the child was not placed in licensed care in the department's custody, the department must file a motion to modify placement within 1 business day after the child is taken into custody.

(3) The court must set a hearing within 24 hours after the motion is filed unless all of the parties and the caregiver agree to the change of placement.

(4) At the hearing, the court must determine if the department has established probable cause to support the immediate removal of the child from his or her current placement. The court may base its determination on a sworn petition or affidavit or on testimony and may hear all relevant and material evidence, including oral or written reports, to the extent of their probative value, even if such evidence would not be competent evidence at an adjudicatory hearing.

(5)    If the caregiver admits that a change of placement is needed or the department establishes probable cause to support removal of the child, the court must enter an order changing the placement of the child. The new placement for the child must meet the home study criteria in this chapter if the child is not placed in foster care. The court must then conduct a hearing pursuant to subdivision (b) unless such hearing is waived by all parties and the caregiver.

(6)    If the court finds that the department did not establish probable cause to support the removal of the child from his or her placement, the court must enter an order that the child be returned to such placement. An order by the court to return the child to his or her placement does not preclude a party from filing a subsequent motion pursuant to this rule.

**(ab)  Motion for Modification of Placement.** At any time before a child is residing in the permanent placement approved at the permanency hearing, a child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision or legal custody of the department, may be brought before the court by the department or any interested person on a motion for modification of placement. The court may enter an order making the change in placement without a hearing unless a party or the current caregiver objects to the change. If any party or the current caregiver objects to the change of placement, the court must conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.

(1)-(2) [No Change]

**(bc)  Standard for Changing Custody.**

(1)    [No Change]

(2)    *Rebuttable presumption.*

(A)-(B)    [No Change]

- 13 -

(C)    Within 7 days after receiving written notice from the caregiver, the court must conduct an initial case status hearing, at which time the court must:

(i)    grant limited purpose party status to the current caregiver who is seeking permanent custody and has maintained physical custody of that child for at least 9 continuous months for the limited purpose of filing a motion for a hearing on the objection and presenting evidence ~~pursuant to~~under this rule;

(ii)    ~~appoint an attorney for the child who is the subject of the permanent custody proceeding, in addition to the guardian ad litem, if one is appointed;~~

(iii)    advise the caregiver of his or her right to retain counsel for purposes of the evidentiary hearing; and

(~~iv~~iii) appoint a court-selected neutral and independent licensed professional with expertise in the science and research of child-parent bonding.

(D)    [No Change]

(3)    *Reunification.*

(A)    [No Change]

(B)    In cases in which the issue before the court is whether a child who is placed in the custody of a parent should be reunited with the other parent ~~upon~~on a finding that the circumstances that caused the out-of-home placement and issues subsequently identified have been remedied to the extent that the return of the child to the home of the other parent with an in-home safety plan prepared or approved by the department will not be detrimental to the child, the court must determine that the safety, well-being, and physical, mental, and emotional health of the child would not be endangered by reunification and that reunification would be in the best interest of the child.

(4)   *Removal from Home.* In cases in which the issue before the court is whether to place a child in out-of-home care after the child was placed in the child's own home with an in-home safety plan or the child was reunified with a parent or caregiver with an in-home safety plan, the court must consider, at a minimum, the following factors in making its determination whether to place the child in out-of-home care:

(A)   ~~T~~the circumstances that caused the child's dependency and other subsequently identified issues~~.~~;

(B)   ~~T~~the length of time the child has been placed in the home with an in-home safety plan~~.~~;

(C)   ~~T~~the parent's or caregiver's current level of protective capacities~~.~~; and

(D)   ~~T~~the level of increase, if any, in the parent's or caregiver's protective capacities since the child's placement in the home based on the length of time the child has been placed in the home.

**(~~c~~d)  Change of Permanency Goal.** The court ~~shall~~must additionally evaluate the child's permanency goal and change the permanency goal as needed if doing so would be in the best interests of the child. If the court changes the permanency goal, the case plan must be amended ~~pursuant to~~under law.

**(~~d~~e)  Motion for Termination of Supervision or Jurisdiction.** Any party requesting termination of agency supervision or the jurisdiction of the court or both ~~shall~~must do so by written motion or in a written report to the court. The court must hear all parties present and enter an order terminating supervision or terminating jurisdiction and supervision or continuing them as previously ordered. The court ~~shall~~must not terminate jurisdiction unless the child is returned to the parent and has been in the placement for at least 6 months, the child is adopted, or the child attains the age of 18, unless the court has extended jurisdiction.

[No Change]

**RULE 8.347.    MOTION TO SUPPLEMENT ORDER OF ADJUDICATION, DISPOSITION ORDER, AND CASE PLAN**

**(a)    Motion.** After the court has entered an order of adjudication of dependency, any party may file a motion for the court to supplement the order of adjudication with findings that a parent or legal custodian contributed to the dependency status of the child ~~pursuant to~~under the statutory definition of a dependent child. The motion may also request that the court supplement the disposition order and the case plan.

**(b)    Contents.** The motion must:

(1)-(2)    [No Change]

(3)    allege sufficient facts showing that a parent or legal custodian contributed to the dependency status of the child ~~pursuant to~~under the statutory definition of a dependent child.

**(c)**    [No Change]

**(d)    Amendments.** At any time ~~prior to~~before the conclusion of an evidentiary hearing on the motion, an amended motion may be filed or the motion may be amended by oral motion. A continuance may be granted on motion and a showing that the amendment prejudices or materially affects any party.

**(e)    Notice.**

(1)    [No Change]

(2)    *Summons.*

(A)    [No Change]

- 16 -

(B)    ~~Upon~~On the filing of the motion and ~~upon~~ request, the clerk must issue a summons.

(C)-(F)    [No Change]

(G)    Appearance of any person in a hearing before the court on the motion eliminates the requirement for serving process ~~up~~on that person.

(H)    [No Change]

**(f)**    [No Change]

**(g)    Evidentiary Hearing.**

(1)    [No Change]

(2)    *Motion for Judgment Denying Motion.* In all proceedings, if at the close of the evidence for the movant, the court is of the opinion that the evidence is insufficient to warrant findings that a parent or legal custodian contributed to the dependency status of the child ~~pursuant to~~under the statutory definition of a dependent child, it may, and on the motion of any party must, enter an order denying the motion for insufficiency of the evidence.

(3)-(5)    [No Change]

**(h)**    [No Change]

**(i)    Supplemental Disposition Hearing.**

(1)    [No Change]

(2)    *Supplemental Reports and Case Plan.*

(A)    A written case plan and any reports required by law prepared by an authorized agent of the department must be filed with the court, served ~~upon~~ the parents of the child, provided to the representative of the guardian ad litem ~~program~~office, if the ~~program~~office has been appointed, and provided to all other parties not less than 72 hours before the supplemental disposition hearing.

- 17 -

(B) [No Change]

(3) [No Change]

**RULE 8.350. PLACEMENT OF CHILD INTO RESIDENTIAL TREATMENT PROGRAM**

**(a) Placement.**

(1)-(2) [No Change]

(3) *Assessment by Qualified Evaluator.* Whenever the department believes that a child in its legal custody may require placement in a residential treatment program, the department must arrange to have the child assessed by a qualified evaluator as provided by law and must file notice of this with the court and all parties. On the filing of this notice by the department, the court must appoint a guardian ad litem for the child, ~~if one has not already been appointed,~~ and must also appoint an attorney for the child. All appointments under this rule must conform to the provisions of rule 8.231. Both the guardian ad litem and attorney must meet the child and must have the opportunity to discuss the child's suitability for residential treatment with the qualified evaluator conducting the assessment. On the completion of the evaluator's written assessment, the department must provide a copy to the court and to all parties within 5 days after the department's receipt of the assessment. The guardian ad litem must also provide a written report to the court and to all parties indicating the guardian ad litem's recommendation as to the child's placement in residential treatment and the child's wishes.

(4)-(11) [No Change]

**(b)-(d)** [No Change]

**RULE 8.415. JUDICIAL REVIEW OF DEPENDENCY CASES**

**(a)** [No Change]

**(b) Scheduling Hearings.**

(1)-(2)　　[No Change]

(3)　*Review Hearings for Children 16 Years of Age.* The court must provide the child and the guardian ad litem the opportunity to address the court and must review the child's independent living transition services. The foster parent, legal custodian, or guardian ad litem may also provide any information relevant to the child's best interest to the court. At the first hearing after the child's 16th birthday, the court must inquire about the life skills the child has acquired and whether they are age-appropriate, and the department must provide a report that includes specific information as to the life skills the child has acquired since the child's 13th birthday, or since the child came into foster care, whichever came later.

(4)　*Review Hearings for Children 17 Years of Age.* The court must hold a judicial review hearing within 90 days after a child's 17th birthday. The court must also issue an order, separate from the order on judicial review, that the specific disabilities of nonage of the child have been removed ~~pursuant to~~under sections 743.044, 743.045, 743.046, and 743.047, Florida Statutes, as well as any other disabilities of nonage that the court finds to be in the child's best interest to remove. The court must continue to hold timely judicial review hearings. The department must update the child's transition plan before each judicial review hearing as required by law. If necessary, the court may review the status of the child more frequently during the year before the child's 18th birthday. At the last review hearing before the child reaches 18 years of age, the court must address whether the child plans to remain in foster care, and, if so, ensure that the child's transition plan complies with the law. It must also determine whether the child has entered into a formal agreement with a supportive adult. The court must approve the child's transition plan before the child's 18th birthday.

(5)　[No Change]

**(c)-(e)**　[No Change]

**(f)　Court Action.**

(1)-(4)    [No Change]

(5)    The court ~~shall~~must appoint an attorney to represent a child with special needs as required by rule 8.231, and who is not already represented by an attorney.

(6)    If, at any judicial review, the court determines that the child ~~shall~~must remain in out-of-home care in a placement other than with a parent, the court ~~shall~~must order that the department has placement and care responsibility for the child.

(7)    [No Change]

(8)    When a young adult is in extended foster care, each judicial review order ~~shall~~must provide that the department has placement and care responsibility for the young adult. When a young adult is in extended foster care, the court ~~shall~~must enter an order at least every 12 months that includes a finding of whether the department has made reasonable efforts to finalize the permanency plan currently in effect.

**(g)    Jurisdiction.**

(1)-(4)    [No Change]

(5)    If the young adult elects to voluntarily leave extended foster care for the sole purpose of ending a removal episode and immediately thereafter executes a voluntary placement agreement with the department to reenroll in extended foster care, the court ~~shall~~must enter an order finding that the prior removal episode has ended. Under these circumstances, the court maintains jurisdiction and a petition to reinstate jurisdiction as provided by law is not required. When a young adult enters extended foster care by executing a voluntary placement agreement, the court ~~shall~~must enter an order within 180 days after execution of the agreement that determines whether the placement is in the best interest of the young adult.

(6)    [No Change]

**(h)**   [No Change]

**(i)**   **Concurrent Planning.**

(1)   At the initial judicial review hearing, the court must make findings regarding the likelihood of the child's reunification with the parent or legal custodian within 12 months after the removal of the child from the home. In making such findings, the court ~~shall~~<u>must</u> consider the level of the parent or legal custodian's compliance with the case plan and demonstrated change in protective capacities compared to that necessary to achieve timely reunification within 12 months after the removal of the child from the home. The court ~~shall~~<u>must</u> also consider the frequency, duration, manner, and level of engagement of the parent or legal custodian's visitation with the child in compliance with the case plan.

(2)-(4)   [No Change]

### Committee Notes

[No Change]

## RULE 8.425.   PERMANENCY HEARINGS

**(a)**   [No Change]

**(b)**   **Determinations at Hearing.**

(1)   The court ~~shall~~<u>must</u> determine:

(A)-(D)   [No Change]

(2)   The court ~~shall~~<u>must</u> approve a permanency goal for the child as provided by law choosing from the following options, listed in order of preference:

(A)-(E)   [No Change]

(3)   [No Change]

**(c)** **Case Plan.** The case plan must list the tasks necessary to finalize the permanency placement and ~~shall~~must be amended at the permanency hearing if necessary. If a concurrent case plan is in place, the court ~~shall~~must approve a single goal that is in the child's best interest.

**(d)** **Permanency Order.**

(1) [No Change]

(2) The court ~~shall~~must enter an order approving the permanency goal for the child.

(3) If the court approves a permanency goal of permanent guardianship of a dependent child, placement with a fit and willing relative, or another planned permanent living arrangement, the court ~~shall~~must make findings as to why this permanent placement is established without adoption of the child to follow. The department and the guardian ad litem must provide the court with a recommended list and description of services needed by the child, such as independent living services and medical, dental, educational, or psychological referrals, and a recommended list and description of services needed by his or her caregiver. For children with another planned permanent living arrangement case plan goal, the guardian ad litem must also advise the court whether the child has been connected with a supportive adult and, if so, whether the child has entered into a formal agreement with the adult as provided by law. It is the guardian ad litem's responsibility to ensure the agreement is documented in the child's court file.

(4) If the court establishes a permanent guardianship for the child, the court's written order ~~shall~~must:

(A)-(F) [No Change]

(5) The court ~~shall~~must retain jurisdiction over the case and the child ~~shall~~must remain in the custody of the permanent guardian unless the order creating the permanent guardianship is modified by the court. The court ~~shall~~must discontinue regular review hearings and relieve the department of the responsibility for

supervising the placement of the child. Notwithstanding the retention of jurisdiction, the placement ~~shall~~must be considered permanency for the child.

(6) If the court permanently places a child with a fit and willing relative, the court's written order ~~shall~~must:

(A)-(D) [No Change]

(7) If the court establishes another planned permanent living arrangement as the child's permanency option:

(A) [No Change]

(B) The department ~~shall~~must document reasons why the placement will endure and how the proposed arrangement will be more stable and secure than ordinary foster care.

(C)-(D) [No Change]

**(e) Entry of Separate Order Establishing Permanency.** If the court permanently places a child in a permanent guardianship or with a fit and willing relative, the court ~~shall~~must enter a separate order establishing the authority of the permanent guardian or relative to care for the child, reciting that individual's powers and authority with respect to the child and providing any other information the court deems proper which can be provided to persons who are not parties to the proceeding as necessary, notwithstanding the confidentiality provisions of Chapter 39, Florida Statutes.

**(f)** [No Change]

## RULE 8.445.   PETITION FOR ADJUDICATION AND PERMANENT COMMITMENT

**(a)   Petition.**

(1)   If both parents of a child are deceased or the last known living parent of a child is deceased and a legal custodian has not been appointed for the child through a probate or guardianship

proceeding, then an attorney for the department or any other person who has knowledge of the facts alleged or is informed of the alleged facts, and believes them to be true, may initiate a proceeding by filing a petition for adjudication and permanent commitment. If the child has already been adjudicated dependent, a petition for permanent commitment may be filed.

(2)    If a child has been placed in shelter status by order of the court but has not yet been adjudicated, a petition for adjudication and permanent commitment must be filed within 21 days after the shelter hearing. In all other cases, the petition must be filed within a reasonable time after the date the petitioner first becomes aware of the facts that support the petition for adjudication and permanent commitment.

**(b)    Contents.** The petition must:

(1)    Be in writing;

(2)    Identify the alleged deceased parents;

(3)    Provide facts that establish that both parents of the child are deceased, or that the last known living parent is deceased; and

(4)    Allege that a legal custodian has not been appointed for the child through a probate or guardianship proceeding.

**(c)    Verification.** The petition must be signed by the petitioner under oath stating the petitioner's good faith in filing the petition.

**(d)    Adjudicatory Hearing.** When a petition for adjudication and permanent commitment or a petition for permanent commitment has been filed, the clerk of court must set the case before the court for an adjudicatory hearing.

(1)    The adjudicatory hearing must be held as soon as practicable after the petition is filed, but no later than 30 days after the filing date.

(2)   Notice of the date, time, and place of the adjudicatory hearing and a copy of the petition must be served on the following persons:

(A)   Any person who has physical custody of the child;

(B)   A living relative of each parent of the child unless a living relative cannot be found after a diligent search or inquiry; and

(C)   The guardian ad litem for the child or the representative of the guardian ad litem office if the office has been appointed.

(3)   The court must conduct an adjudicatory hearing without a jury and apply the rules of evidence in use in civil cases, adjourning the hearing as necessary. The court must determine whether the petitioner has established by clear and convincing evidence that both parents of the child are deceased, or that the last known living parent is deceased and the other parent cannot be found after a diligent search or inquiry, and that a legal custodian has not been appointed for the child through a probate or guardianship proceeding. A certified copy of the death certificate for each parent is sufficient evidence of the parents' deaths.

**(e)   Order on Adjudicatory Hearing on Petition for Adjudication and Permanent Commitment.** The court must enter an order within 30 days after an adjudicatory hearing on the petition.

(1)   *Order Granting Adjudication and Permanent Commitment.* If the court finds that the petitioner has met the clear and convincing standard, the court must enter a written order adjudicating the child dependent and permanently committing the child to the custody of the department for the purpose of adoption. A disposition hearing must be scheduled no later than 30 days after the entry of the order, in which the department must provide a case plan that identifies the permanency goal for the child to the court.

(2)    *Order Granting Adjudication.* If the court finds that clear and convincing evidence does not establish that both parents of a child are deceased, or that the last known living parent is deceased and the other parent cannot be found after a diligent search or inquiry, and that a legal custodian has not been appointed for the child through a probate or guardianship proceeding, but that a preponderance of the evidence establishes that the child does not have a parent or legal custodian capable of providing supervision or care, the court must enter a written order adjudicating the child dependent. A disposition hearing must be scheduled no later than 30 days after the entry of the order.

(3)    *Order Dismissing Petition.* If the court finds that the petitioner has not met the clear and convincing standard and that a preponderance of the evidence does not establish that the child does not have a parent or legal custodian capable of providing supervision or care, the court must enter a written order so finding and dismiss the petition.

**(f)    Order on Adjudicatory Hearing on Petition for Permanent Commitment.** The court must enter an order within 30 days after an adjudicatory hearing on the petition.

(1)    *Order Granting Permanent Commitment.* If the court finds that the petitioner has met the clear and convincing standard, the court must enter a written order permanently committing the child to the custody of the department for purposes of adoption. A disposition hearing must be scheduled no later than 30 days after the entry of the order, in which the department must provide an amended case plan that identifies the permanency goal for the child to the court.

(2)    *Order Denying Petition.* If the court finds that clear and convincing evidence does not establish that both parents of a child are deceased or that the last known living parent is deceased and the other parent cannot be found after a diligent search or inquiry, the court must enter a written order denying the petition. The order has no effect on the child's prior adjudication. The order does not bar the petitioner from filing a subsequent petition for permanent commitment based on newly discovered evidence that

establishes that both parents of a child are deceased, or that the last known living parent is deceased, and that a legal custodian has not been appointed for the child through a probate or guardianship proceeding.

**(g)     Disposition Hearing.**

(1)     *Hearing.* The court must conduct a supplemental disposition hearing under the same procedures for a disposition hearing and case plan review hearing for a dependency petition as provided by law.

(2)     *Reports and Case Plan.*

(A)     A written case plan and any reports required by law must be filed with the court, served to any known living parents, if applicable, and provided to the representative of the guardian ad litem office, if the office has been appointed, not less than 72 hours before the disposition hearing.

(B)     The court may grant an exception to the requirement for any reports required by law by separate order or within the judge's order of disposition upon a finding that all the family and child information required by law is available in other documents filed with the court.

(3)     *Order of Disposition.* The court must in its written order of disposition include:

(A)     the placement or custody of the child;

(B)     special conditions of placement and visitation;

(C)     evaluation, counseling, treatment activities, and other actions to be taken by the parties, when ordered;

(D)     the names of the supervising or monitoring agencies, and the continuation or discharge of the guardian ad litem, when appropriate;

(E) the date, time, and location for the next case review as required by law;

(F) child support payments, if applicable and if the child is in an out-of-home placement;

(G) if the child is placed in foster care, the reasons why the child was not placed in the legal custody of an adult relative, legal custodian, or other adult approved by the court;

(H) approval of the case plan and any reports required by law or direction to amend the case plan within 30 days; and

(I) such other requirements as are deemed necessary to protect the health, safety, and well-being of the child.

**(h) Judicial Review Hearing.** Until the adoption of the child is finalized, or the child reaches the age of 18 years, whichever occurs first, the court must hold hearings pursuant to these rules every 6 months to review the progress being made toward permanency for the child.

## RULE 8.505.   PROCESS AND SERVICE

**(a) Personal Service.** On the filing of a petition requesting the termination of parental rights, a copy of the petition and notice of the date, time, and place of the advisory hearing must be personally, or via primary e-mail address upon a party's consent, served on:

(1)-(6) [No Change]

(7) the guardian ad litem for the child or the representative of the guardian ad litem program, if the program has been appointed;

(8)-(9) [No Change]

**(b)-(c)** [No Change]

**(d)  Waiver of Service.**

(1)   Service of process may be waived, as provided by law, for persons who have executed a written surrender of the child to the department.

(2)   Appearance of a person at the advisory hearing obviates the necessity of serving process on that person, and the court may proceed with the advisory hearing and any subsequently noticed hearing.

## RULE 8.535.  POSTDISPOSITION HEARINGS

**(a)  Initial Hearing.** If the court terminates parental rights, a postdisposition hearing must be set within 30 days after the date of disposition. At the hearing, the department or licensed child-placing agency shallmust provide to the court a plan for permanency for the child.

**(b)  Subsequent Hearings.** Following the initial postdisposition hearing, the court shallmust hold hearings every 6 months to review progress being made toward permanency for the child until the child is adopted or reaches the age of 18, whichever occurs first. Review hearings for alternative forms of permanent placement shallmust be held as provided by law.

**(c)  Continuing Jurisdiction.** The court that terminates the parental rights to a child under chapter 39, Florida Statutes, shallmust retain exclusive jurisdiction in all matters pertaining to the child's adoption under chapter 63, Florida Statutes. The petition for adoption must be filed in the division of the circuit court that entered the judgment terminating parental rights, unless a motion for change of venue is granted as provided by law.

**(d)  Withholding Consent to Adopt.**

(1)   When a petition for adoption and a favorable home study under section 39.812(5), Florida Statutes, have been filed and the department's consent has not been filed, the court shall

~~conduct a hearing to determine if the department has unreasonably withheld consent.~~

~~(2)    In reviewing whether the department unreasonably withheld its consent to adopt, the court shall determine whether the department abused its discretion by withholding consent to the adoption by the petitioner. In making this determination, the court shall consider all relevant information, including information obtained or otherwise used by the department in selecting the adoptive family, pursuant to Florida Administrative Code Chapter 65C.~~

~~(3)    If the court determines that the department unreasonably withheld consent to adopt, and the petitioner has filed with the court a favorable home study as required by law, the court shall incorporate its findings into a written order with specific findings of fact as to how the department abused its discretion in withholding its consent to adopt, and the consent of the department shall be waived.~~

**(d)    Review of the Department's Denial of an Application to Adopt a Child.**

(1)    *Notice of Denial of Application to Adopt.* If the department denies an application to adopt a child, the department must file written notification of the denial with the court and provide copies to all parties and the denied applicant within 10 business days after the department's decision.

(2)    *Motion to Review Denial of Application to Adopt.* A denied applicant may file a motion to have the court review the department's denial within 30 business days after the issuance of the department's written notification of its decision to deny the application to adopt a child. The motion to review must allege that the department unreasonably denied the application to adopt and request that the court allow the denied applicant to file a petition to adopt the child under chapter 63 without the department's consent.

(3)    *Standing.* A denied applicant only has standing to file a motion to review the department's denial and to present evidence in support of such motion. Such standing is terminated upon the entry of the court's order. If the department selected a different applicant to adopt the child, the selected applicant may participate in the hearing as a participant pursuant to law and may be granted leave by the court to be heard without the need to file a motion to intervene.

(4)    *Hearing on Motion.* The court must hold a hearing within 30 business days after the denied applicant files the motion to review. The court may only consider whether the department's denial of the application is consistent with its policies and if the department made such decision in an expeditious manner. The standard of review is whether the department's denial of the application is an abuse of discretion.

(5)    *Order.* Within 15 business days after the conclusion of the hearing, the court must enter a written order denying the motion to review or finding that the department unreasonably denied the application to adopt and authorizing the denied applicant to file a petition to adopt the child under chapter 63 without the department's consent.